**NOT FOR PUBLICATION**

**FILED**

JAMES J. WALDRON, CLERK

JULY 27 2005

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| In Re:<br><br>**TECH 21, INC.**,<br><br>Debtor. | Case No.: 05-27767 (DHS)<br><br>Judge: Donald H. Steckroth, U.S.B.J. |
|---|---|

**OPINION**

**APPEARANCES:**

Nowell Amoroso Klein Bierman, P.A.
David Edelberg, Esq.
155 Polifly Road
Hackensack, New Jersey 07601
Attorneys for Debtor

Gary K. Norgaard, Esq.
Stern, Lavinthal, Frankenberg & Norgaard
184 Grand Avenue
Englewood, NJ 07631
Assignee

Kudman Trachten, LLP
Paul H. Aloe, Esq.
Gary Trachten, Esq.
350 Fifth Avenue, Suite 4400
New York, New York 10118
Attorneys for Petitioning Creditors
EVS Metal, Times Circle Associates,
Uneeda Bolt & Screw Co., Inc.,
Sidney Scheinert & Son, Inc., QC Electronics, Inc.,
Penn Elcom, Inc., and Bomb Factory Digital, Inc.

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is the motion of Tech 21, Inc. ("Tech 21"), to dismiss the involuntary Chapter 7 petition filed against it by several of its creditors: Bomb Factory Digital, Inc., Times Circle Associates, EVS Metal, Uneeda Bolt & Screw Co., Inc., Sidney Scheinert & Son, Inc., QC Electronics, Inc., and Penn Elcom, Inc. ("Petitioning Creditors"). The motion is opposed by the Petitioning Creditors.

Tech 21 is incorporated in New York with its business premises located in Clifton, New Jersey. It is wholly owned by Andrew Barta. It is engaged in business manufacturing and distributing music amplifiers, signal processors, and effects pedals. Approximately 95% of Tech 21's sales involve products that utilize SansAmp technology. Tech 21 asserts Barta owns the intellectual property rights, significantly the trademarks, to the SansAmp technology, and licenses those rights to Tech 21 pursuant to a non-assignable licensing agreement dated May 5, 1992. According to Tech 21, its physical assets are valued at $55,000, it has accounts receivable of $173,707.50, and inventory, which it alleges is unique to Tech 21's product line and thus unusable by other parties, valued at cost at $402,546.99.

Tech 21 asserts its assets are encumbered by a lien in favor of Barta (the "Barta Lien"), which secures his claim of approximately $430,000.00. This claim is made up of $152,700.00 in unpaid compensation, $235,000 representing a payment by Barta on behalf of Tech 21 in satisfaction of a secured claim held by Chase Manhattan Bank, and advances of additional funds or loans by Barta to Tech 21 in the amount of $41,500.00.

On June 6, 2005, Tech 21 filed an assignment for the benefit of creditors in the New Jersey Superior Court (the "ABC"). Gary Norgaard, Esq. was appointed the Assignee for the Benefit of Creditors ("Assignee"). The Assignee has proposed to sell the assets of Tech 21 to Barta (the "ABC

Sale"). The terms of the ABC Sale provide for (i) assumption of Barta's secured claim encumbering all of Tech 21's assets; (ii) assumption of the lease obligations for Tech 21's lease at its premises in Clifton, New Jersey, and (iii) a cash payment of $70,000.00 to the Assignee. Tech 21 claims that the ABC Sale would likely result in a 7% - 10% dividend to unsecured creditors, after payment of administration for the ABC.

A hearing was scheduled in state court for June 3, 2005, to consider approval of the ABC Sale. On May 26, 2005, the Petitioning Creditors filed the within involuntary Chapter 7 petition against Tech 21 in this Court. The Petitioning Creditors include: 1) Times Circle Associates, a former landlord, with a scheduled unsecured claim for judgments against Tech 21 in the total amount of $260,976.65; 2) Bomb Factory Digital, Inc., with a contingent litigation claim in excess of $1.1 million; 3) EVS Metal with a scheduled unsecured claim of $16,982.59; and 4) four other small creditors with scheduled unsecured claims of less than $1,000 each.

The Petitioning Creditors filed the involuntary Chapter 7 petition to stay the ABC Sale, and seek to have a Chapter 7 Trustee appointed to liquidate Tech 21's assets in the bankruptcy court. The Petitioning Creditors challenge several of the Debtor's claims. First, the Petitioning Creditors state they were initially advised by the Assignee in a letter notifying creditors of the proposed ABC Sale that they likely would receive no dividend from the ABC Sale, and reason that a dividend in a Chapter 7 liquidation might be available because, they argue, a trustee in bankruptcy has greater avoidance powers, which could possibly result in a larger estate after investigation. They also challenge the Debtor's financial statements as they do not assign any value to the intellectual property, trademarks, or distribution network that is at the core of Tech 21's business. The Petitioning Creditors claim that Tech 21 had represented in at least one agreement that Tech 21, not Barta, was the owner of the intellectual property associated with the

3

SansAmp technology. If that is the case, they argue, it would be much easier to find an independent, higher offer for Tech 21. The Petitioning Creditors also challenge the legitimacy of Barta's lien, claiming that his outlays might be considered by a Chapter 7 trustee to represent capital contributions rather than loans and salary.

Tech 21 counters by asserting that the Assignee, an experienced insolvency attorney, has: (1) had accountants examine Tech 21's books and records, (2) had an appraisal of the assets conducted by an experienced appraiser, and (3) taken the deposition of Andrew Barta – all in the furtherance of the Assignee's statutory duty to investigate the affairs, assets, and liabilities of the assignor, Tech 21.

The Debtor claims that the Petitioning Creditors filed the involuntary petition in bad faith, claiming that neither Times Circle Associates nor Bomb Factory Digital, Inc. – the two largest creditors – properly investigated or made reasonable inquiry regarding Tech 21's financial affairs prior to filing the involuntary petition, and that false misrepresentations were made in soliciting smaller creditors, namely that a third-party purchaser existed and a projected dividend of 75% to creditors would be available in the event of a Chapter 7 liquidation. Such misrepresentations, if made, justify dismissal, the Debtor argues. Further, the Debtor claims that the results of a vote it solicited among the general creditors show that the great majority, including three of the Petitioning Creditors (EVS Metal, QC Electronics, Inc. and Uneeda Bolt & Screw Co.), actually voted in favor of the ABC Sale over bankruptcy, and this vote demonstrates that the involuntary Chapter 7 petition is not in the interest of all creditors.

The Petitioning Creditors counter that they did not make the alleged misrepresentations but do acknowledge solicitation efforts by various parties, including Brian Quentzel, counsel to Times Circle Associates, and Erik Gavriluk and David Amels of Bomb Factory Digital, Inc., to gain support for the involuntary petition. David Amels of Bomb Factory Digital, Inc. certified that he never mentioned a specific

4

third-party purchaser, but rather indicated that another buyer would probably pay more for Tech 21 if the intellectual property ownership issues could be resolved. In fact, the Petitioning Creditors' pleadings before the Court do not set forth or name a buyer for the assets nor is the Court aware of actual interest by any buyer despite the ABC having been filed over a month ago.

## **LEGAL CONCLUSIONS**

Pursuant to § 305(a) of the Bankruptcy Code:

> The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if-
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension . . .
> [11 U.S.C. § 305(a) (West 2004)].

The party seeking abstention bears the burden of proof. See In re Sherwood Enters., Inc., 112 B.R. 165, 167 (Bankr. S.D. Tex. 1989) (citing In re Condo. Assoc. of Plaza Towers S., 43 B.R. 18 (Bankr. S.D. Fla.1984). "The decision to dismiss or suspend under § 305(a) is discretionary and must be made on a case-by-case basis." In re Greene,1999 WL 761091, at *4 (E.D. Pa. 1999); See also In re Grigoli, 151 B.R. 314, 320 (Bankr. E.D.N.Y. 1993); In re Marker, 133 B.R. 340, 344 (Bankr. W.D. Pa. 1991).

According to legislative history a case may be dismissed under §305(a):

> [I]f an arrangement is being worked out by creditors and the debtor out of court, there is no prejudice to the rights of creditors in that arrangement, and an involuntary case has been commenced by a few recalcitrant creditors to provide a basis for future threats to extract full payment. The less expensive out-of-court workout may better serve the interests in the case.

> [H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 325 (1977). S.R. Rep. No. 95-989, 95th Cong. 2d Sess. 36 (1978)].

The Bankruptcy Appellate Panel for the Ninth Circuit analyzed §305(a) in <u>Eastman v. Eastman</u>:

> As the statutory language and legislative history demonstrate, the test under section 305(a) is not whether dismissal would give rise to a substantial prejudice to the debtor. Nor is the test whether a balancing process favors dismissal. Rather, the test is whether both the debtor and the creditors would be "better served" by a dismissal.
>
> [<u>Eastman</u>, 188 B.R. 621, 624-25 (B.A.P. 9th Cir. 1995)].

The exact factors to be considered and the weight to be given each of them is highly sensitive to the facts of each individual case, and courts consider a wide variety of factors to determine whether dismissal is in the best interests of all parties. <u>See</u> <u>e.g.</u>, <u>In re Mazzocone</u>, 200 B.R. 568, 575 (E.D. Pa. 1996) (factors include who filed the bankruptcy petition, availability of another forum to resolve the pending disputes, the necessity of federal proceedings to achieve a just and equitable solution, the expense of the federal proceedings in comparison with proceedings in another forum, the purpose of the party seeking to remain in bankruptcy court, the economy and efficiency of having the bankruptcy court handle the matter, and the possible prejudice to the various parties).

Generally, when an involuntary petition is involved courts consider whether: (1) the petition was filed by a few recalcitrant creditors and that most creditors oppose the bankruptcy; (2) there is a state insolvency proceeding or an out-of-court arrangement pending, and (3) the dismissal is in the best interests of the debtor and all creditors. <u>See</u> <u>In re RAI Marktg. Servs., Inc.</u>, 20 B.R. 943, 946 (Bankr. D. Kan. 1982), <u>In re Audio Visual Workshop, Inc.</u>, 211 B.R. 154, 161 (Bankr. S.D.N.Y. 1997); <u>Grigoli</u>, 151 B.R. at 319; <u>In re Trina Assocs.</u>, 128 B.R. 858, 867 (Bankr. E.D.N.Y. 1991). A "recalcitrant" creditor is more

than a "disgruntled" creditor – the creditor must be motivated by more than just the desire to be repaid what it is owed by the debtor. See RAI, 20 B.R. at 946 (finding that creditors' recalcitrance stemmed from prior anti-competitive business dealings with the debtor). Significantly, "courts generally dismiss an involuntary case under § 305(a)(1) where the debtor has made an assignment for the benefit of creditors." In re Cincinnati Gear Co., 304 B.R. 784, 785-86 (Bankr. S.D. Ohio 2003). Congress appears to have contemplated the use of this "extreme remedy particularly in involuntary cases like this where an alternative arrangement exists for the protection of creditors." Id.

Dismissal of the involuntary petition is appropriate under the facts in this instance. Despite the Petitioning Creditors' claims otherwise, it appears from the underlying facts and the tone of the certifications that this insolvency petition was motivated not solely by a desire among creditors to be paid, but, at least in part, by suspicions of Times Circle Associates and Bomb Factory Digital, Inc. that Barta, Tech 21's principal, is using the ABC Sale for personal gain while leaving trade creditors unpaid. While such motivations may not necessarily rise to the level of bad faith, they do suggest, without more than their suspicion, recalcitrance among one or more of the Petitioning Creditors. Second, substantial efforts have already been made in the ABC Sale. The Assignee's accountant has already evaluated Tech 21's books and records. The Assignee has appraised Tech 21's assets and deposed Tech 21's principal under oath. Thus, the Assignee has appeared to perform his fiduciary duties. Further, a state court hearing was scheduled for June 3 to approve the ABC Sale. To begin anew in the bankruptcy court would only duplicate the efforts undertaken in the state court proceeding and burden all parties with significantly more expense. Finally, the state court proceedings have significant due process safeguards to protect the petitioning creditors who are free to participate in that proceeding.

The Court finds that dismissing the petition is in the best interests of both Tech 21 and its creditors. Assignments for the benefit of creditors are sanctioned and governed by New Jersey statute. See N.J.S.A. 2A:19-1 to 19-50 (West 2000). The statute provides for an assignee to preside over the marshaling of the Debtor's assets for distribution to creditors. See N.J.S.A. 2A:19-1. While the Debtor is allowed to choose the assignee, the assignee must act as a fiduciary to creditors, and is charged with maximizing the funds to be distributed to creditors in equal fashion, not unlike the trustee in a Chapter 7 proceeding. See N.J.S.A. 2A:19-1, -14. There is nothing manipulative or improper about an assignment for the benefit of creditors, as seems to be implied by the Petitioning Creditors. Moreover, where prior transactions involve impermissible preferences or fraudulent transfers, the assignee has the power and the duty to bring avoidance or fraudulent transfer actions on behalf of the creditors. See N.J.S.A. 2A:19-14 (emphasis added); see also Adm'r of Smith v. Wood, 42 N.J. Eq. 563, 565 (N.J. Ch. 1887) (assignee is bound to exercise duty to avoid fraudulent conveyance for the benefit of creditors). If an assignee refuses to bring such actions when it is warranted, creditors may pursue those actions on their own behalf. See Kalmus v. Ballin, 52 N.J. Eq. 290, 294 (N.J. Err. & App. 1894) (holding that a creditor to whom a debt is owed may file an action on his own behalf to avoid fraudulent transfers upon an assignee's failure to perform its fiduciary duty to pursue such claims); Smith v. Wood, 42 N.J. Eq. at 565 (assignee must answer to creditors for any loss sustained by assignee's neglect of duty); Cincinnati Gear, 304 B.R. at 785-86 (stating that nothing precludes creditors from pursuing fraudulent conveyance actions in state court); In re Artists' Outlet, Inc., 25 B.R. 231, 234 (Bankr. D. Mass. 1982) (holding that a creditor which alleged improprieties in an assignment for benefit of creditors could pursue those allegations in state court).

Thus, the Petitioning Creditors have two levels of protection against fraud in the ABC and the ABC Sale as proposed: the Assignee's fiduciary obligation to them, and their own right to file fraudulent transfer

actions if the Assignee refuses to pursue legitimate actions. This is important since the Petitioning Creditors argue the intellectual property rights may belong to Tech 21 and not Barta. Their arguments, and support of that position, should be made to the Assignee and/or the state court with jurisdiction over the ABC. The Petitioning Creditors also are free to participate and oppose approval of the ABC Sale at the state court hearing. In addition, prospective buyers are not precluded by the proposed ABC Sale from making a third-party offer for the Tech 21 assets – that is not a remedy which is exclusive to the bankruptcy court. This Court therefore finds that a Chapter 7 proceeding would provide little relief to the Petitioning Creditors that is not already available to them in the ABC before the state court. What they have to do is participate and protect their rights, something they seem not to have done since filing the involuntary petition.

Finally, it appears that creditors will receive a dividend through the ABC Sale. However, there is no such guarantee in a Chapter 7 liquidation. It is true that a Chapter 7 trustee may attempt to find a better offer, or to reduce Barta's secured claim, or to otherwise maximize Tech 21's estate, but the Assignee has those same obligations and the outcome of such actions in the bankruptcy court is speculative. Moreover, the Petitioning Creditors' proposal would add significant costs to already burdened assets. The costs of Chapter 7 administration would only decrease the already insubstantial funds available for distribution to creditors. The Court perceives no benefit to creditors in allowing the involuntary proceeding to continue.

For the foregoing reasons, Tech 21's motion to dismiss the involuntary Chapter 7 petition under 11 U.S.C. § 305(a)(1) is hereby granted. In light of dismissal, the Petitioning Creditors' Motion to Quash Subpoenas is considered moot. If Tech 21 pursues a claim for damages, assuming they are available under § 305, new subpoenas can issue and discovery can be commenced at the time the motion is filed or as otherwise ordered by the Court.

An Order in conformance with this Opinion has been entered and a copy attached.

                                          s/    <u>Donald H. Steckroth</u>
                                               DONALD H. STECKROTH
                                               UNITED STATES BANKRUPTCY JUDGE

Dated:    July 27, 2005